Day, C. J.
Three classes of questions are raised in this case in-, which, it is claimed, the court below erred: 1. In permitting the-defendant to ask his witnesses on the trial illegal questions; 2. In’ the refusal of the court to charge the jury as requested by the-plaintiff, and in the charge given; 3. In overruling the motion for - a new trial.
Nothing practically will be gained by considering here at length the separate questions raised by the objections of the plaintiff to the questions propounded by the defendants to their witnesses on the-trial; for some of the objections are based upon grounds that must be-considered in another form, arising upon the charge to the jury;. *350 .■some of the questions were unobjectionable, and of little or no importance ; but chiefly for the reason that the testimony elicited on .all the questions in no way tended to prejudice the plaintiff; and for that reason, under the provisions of the 138th section of the -code, the ruling of the court on that class of questions will not afford sufficient ground to disturb the judgment.
Did the court erroneously charge the jury?
By the statute of this state the common-law responsibility of innkeepers, as to all goods therein enumerated, is materially modified. 'The goods sued for in this case are not mentioned in the act; it has, therefore, no application to the case, further than the reason 350] of the legislative policy on which it *is based may be regarded, in deciding cases between conflicting constructions of the rules of •common law, by which this case must be determined.
It is claimed that the common law makes an innkeeper an insurer of the goods of his guest, as it does a common carrier of goods, against all loss, except that occasioned by act of God or the public enemy.
The rules of the law controlling both these classes of liability, have their foundation in considerations of public utility; but it does not therefore follow that the rulo in every case is precisely the same. It would seem, rather, that where the circumstances of the two •classes differ, public utility might reasonably require a corresponding modification of the rules applicable to the case.
Common carrier’s ordinarily have entire custody and control of the goods intrusted to them, with every opportunity for undiscoverable negligence and fraud; and are therefore held to the most rigid rules of liability. Innkeepers may have no such custody of the goods of their guests. In many instances their custody of the goods is mixed with that of the guest. In such cases it would be but reasonable that the guest, on his part, should not be negligent of the care of his goods, if he would hold another responsible for them. The case of a carrier and that of an innkeeper are analogous; but, to make them alike, the goods of the guest must be surrendered to the actual custody of the inkeeper; then the rule would, undoubtedly, be the same in both cases.
Vo are not, however, disposed to relax the rules of liability applicable to innkeepers, nor to declare that they are different from •¡those applying to carriers, further than a difference of circum- • *351 ■stances between innkeeper and guest may reasonably necessitate ;Some care on the part of the latter.
The charge of the court below is not inconsistent with a recognition of the same extent of liability in both classes of cases; for it -is well settled that an action against a carrier can not be maintained where the plaintiff’s negligence caused, or directly contributed to, the loss or injury. Upon this theory, and assuming to the fullest extent thaprima facie liability of the innkeeper, by reason of the loss, the court *said to the jury: “The only question for [351 your consideration is whether the plaintiff’s negligence caused, or directly contributed to, the loss of the property.”
It was thus held by the court, and conceded by-the counsel for the plaintiff, that if the property was “ lost by reason of the negligence of the plaintiff to exercise ordinary care for its safety,” the defendants were not liable.
The essential question, then, between the parties is, what, on the part of the guest, is ordinary care, or what may be attributed to. him as negligence.
It is claimed that the court erred in relation to this point, in two particulars : 1. In holding that the guest might be chargeable with ■negligence, in the care of his goods, in any case where they were not actually upon his person; 2. In holding that the innkeeper ■could, in any manner, limit his liability for the loss of the goods of his guest, except by contract with him.
If the guest take his goods into his own personal and exclusive ■control, and they are lost, while so held by him, through his own neglect, it would not be reasonable or just to hold another responsible for them. This is conceded to be true as to the clothes on the person of the guest, but is denied as to property otherwise held by him. There is no good reason for the distinction; for the exemption of the innkeeper from liability is based upon the idea that the property is not held as that of a guest, subject to the care of the innkeeper, but upon the responsibility of the guest alone; and, therefore, it makes no difference, in principle, whether it is on his person or otherwise equally under his exclusive control. But this •must be an exclusive custody and control of the guest, and must not be held under the supervision and care of the innkeeper, as where the goods are kept in a room assigned to the guest, or other proper depository in the house.
The public good requires that the property of travelers at hotels *352 should be protected from loss; and, for that reason, innkeepers are.held responsible for its safety. To enable the innkeeper to discharge his duty, and to secure the property of the traveler from •loss, while in a house ever open to the public, it may, in many in-352] stances, become absolutely necessary *for him to provide special means, and to make necessary regulations and requirements to be observed by the guest, to secure the safety of his property. When such means and requirements are reasonable and proper for that purpose, and they are brought to the knowledge of the guest, with the information that, if not observed by him, the innkeeper-will not be responsible, ordinary prudence, the interest of both parties, and public policy, would require of the guest a compliance therewith; and if he should fail to do so, and his goods are lost,, solely for that reason, he would justly and properly be chargeable with negligence. To hold otherwise, would subject a party without fault to the payment of damages to a party for loss occasioned by his own negligence, and would be carrying the liability of innkeepers to an unreasonable extent. Story’s Bail., secs. 472, 483 Ashill v. Wright, 6 El. & Bl. 890; Purvis v. Coleman, 21 N. Y. 111; Berkshire Woolen Co. v. Proctor, 7 Cush. 417.
Nor does the rule thus indicated militate against the well established rule in relation to the inability of carriers to limit their liability; for it rests upon the necessity that, under different circumstances of the case, requires, the guest to exercise reasonable prudence and care for the safety of his property.
In connection with the two foregoing' propositions, the correctness of the holding of the court below, as stated in the seventh paragraph of the charge, is questioned. Without repeating that paragraph here, it is only necessary to say that upon the hypothesis there stated, the guest, by what he did and neglected to do, would: directly contribute to the loss of his property. The charge was-therefore right.
Taking the whole charge together, so far as it related to the case and is controverted, it is in harmony with the views herein expressed; and must therefore be approved. It also follows, from what has been said, that the ■ court did not erroneously refuse to charge the jury as requested by the plaintiff. The request contained a connected series of propositions, some of which, at least, were unsound in law. It is well settled that in such a case the-court may properly refuse the whole.
*353 *It remains to be considered whether the court erroneously [353 overruled the motion for a new trial, on the ground that the verdict was against the evidence.
While we are not elear from doubt on this point, upon a careful consideration of the evidence we are constrained to say that the verdict is not so clearly against the evidence as to warrant us ,in holding that the court erred in refusing to set it aside.

Judgment affirmed.

Brinkerhoff, Scott, Welch, and White, JJ., concurred.